United States District Court
Southern District of Texas
**ENTERED**
March 25, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEFF SAMUELS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-04687 |
| § | |
| PHH MORTGAGE CORPORATION, *et* § | |
| *al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court are (1) pro se Plaintiff Jeff Samuels' ("Plaintiff") Motion to Remand (Doc. #8) and Defendants PHH Mortgage Corporation ("PHH"), Deutsche Bank National Trust Company, as Trustee for FFMLT TRUST 2004-FF3, Mortgage Pass-Through Certificates, Series 2004-FF3 ("Deutsche Bank"), and Power Default Services, Inc.'s ("Power Default") Response (Doc. #9); (2) Defendant AVT Title Services, LLC ("AVT") Motion to Dismiss Plaintiff's Claims (Doc. #5); and (3) AVT's Motion to Dismiss pro se Intervenor-Plaintiff's Joanna Burke's ("Intervenor-Plaintiff") Claims (Doc. #6).[1] Having considered the parties' arguments, the submissions, and the applicable legal authority, the Court denies the Motion to Remand and denies the Motions to Dismiss as moot.

---

[1] Also before the Court are Intervenor-Plaintiff's Motions to Stay Case Pending Resolution of Bankruptcy Proceedings (Doc. Nos. 10, 11) and Intervenor-Plaintiff's Motions to Reinstate Case (Doc. Nos. 12, 13). The Court notes that the bankruptcy proceeding (No. 23-35083) was closed on March 26, 2024. Accordingly, the Court denies these Motions (Doc. Nos. 10, 11, 12, 13) as moot. For the sake of clarity, the Court confirms that this case remains active. Further, the Intervenor-Plaintiff is recognized as an active participant in these proceedings.

1

## I. Background

On September 1, 2023, Plaintiff filed this action in the 234th Judicial District of Harris County to prevent foreclosure of real property located at 14810 Winding Waters Drive, Cypress, Texas 77429 (the "Property"). Doc. #1, Ex. 1. In his supporting Affidavit, Plaintiff alleges that he submitted a loan modification application to Defendant PHH and is seeking injunctive relief to prevent the scheduled foreclosure sale of the Property. *Id.* at 12–13. Defendants PHH, Deutsche Bank, Power Default, and AVT were all named as parties involved in the process to foreclose on the Property. *Id.* On December 15, 2023, PHH, Deutsche Bank, and Power Default removed the case to this Court on the basis of diversity jurisdiction. Doc. #1. On December 26, 2023, AVT filed its Motions to Dismiss Plaintiff's Claims and Intervenor-Plaintiff's Claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc, #5; Doc. #6. On January 16, 2024, Plaintiff moved to remand this case to state court, arguing that this Court lacks subject matter jurisdiction. Doc. #8. In their Response, PHH, Deutsche Bank, and Power Default argue that this Court has diversity jurisdiction because Power Default and AVT, which are nondiverse properties, are improperly joined. Doc. #9.

In this Order, the Court first resolves the jurisdictional issues presented in the Motion to Remand. As discussed in the Court's evaluation of the Motion to Remand, AVT is improperly joined and therefore Plaintiff's claims and Intervenor-Plaintiff's claims against it must be dismissed. Thus, AVT's Motion to Dismiss Plaintiff's claims and Motion to Dismiss Intervenor-Plaintiff's claims are moot, and the Court need not evaluate the merits of the arguments presented therein.

## II. Plaintiff's Motion to Remand

### a. Legal Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction in (1) cases that present a federal question, and (2) cases where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). "The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists." *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986). A removed action must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

### b. Analysis

PHH, Deutsche Bank, and Power Default assert that this Court has diversity jurisdiction and thus Plaintiff's Motion to Remand should be denied. Doc. #9. The amount in controversy, which is not in dispute, exceeds the $75,000 threshold. *See* Doc. #1 at 7 (noting the value of the Property has a value of $476,358). There is also no dispute that Plaintiff and Intervenor-Plaintiff are citizens of Texas for diversity purposes, whereas PHH is a citizen of New Jersey and Deutsche Bank is a citizen of California. *Id.* at 3–4. Additionally, PHH and Deutsche Bank argue that the Court can exercise diversity jurisdiction in this case because AVT and Power Default, while non-diverse, are improperly joined parties. *Id.* at 4–6. Where diversity is the basis of a district court's subject-matter jurisdiction, the parties must be completely diverse. However, if there is a nondiverse party, a district court may exercise jurisdiction if the nondiverse party was improperly joined. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

3

To establish that an in-state defendant was improperly joined, "the removing party must either show that (1) there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or (2) that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.* To determine if there is a possibility that plaintiff will be able to establish a cause of action, a court conducts "a Rule 12(b)(6) type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* To survive a Rule 12(b)(6) challenge, "a complaint must have contained enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "[I]f a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 213 (5th Cir. 2016). Defendant bears the burden of proving improper joinder. *Smallwood*, 385 F.3d at 574.

### 1. Improper Joinder: AVT and Power Default

PHH, Deutsche Bank, and Power Default argue that Plaintiff's Complaint is void of specific facts or actions taken by either AVT or Power Default. Doc. #9 at 4. Here, AVT was the Substitute Trustee appointed by the mortgagee in the Notice of Sale, and Power Default sent Notice of Acceleration to Plaintiff on behalf of the mortgagee *Id.* The Court's determination regarding improper joinder is solely based on the facts as alleged in Plaintiff's Original Petition[2]. See *Louisiana v. Am. Nat'l Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014) ("[J]urisdictional facts are determined at the time of removal, and consequently post-removal events do not affect that

---

[2] Because no formal Complaint has been filed in this case, the Court liberally construes Plaintiff's Application for Temporary Restraining Order and Injunctive Relief filed September 1, 2023, in the 234th Judicial District of Harris County as his Original Complaint. Doc. #1, Ex. 1 at 6–14.

4

properly established jurisdiction."). In reviewing Plaintiff's Original Complaint, there are no factual allegations concerning AVT. *See* Doc. #1, Ex. 1 at 6–14. Additionally, the only factual allegation before the Court regarding Power Default is that "Defendant Deutsche Bank National Trust Company, through Defendant Power Default Services, continued foreclosure proceedings and alleged that the Plaintiff owed a balance of $754,944." *Id.* at 8. The Court finds this statement, without more, is insufficient to state a claim for relief. As such, Plaintiff's claims against AVT and Power Default would not survive a 12(b)(6) challenge. Therefore, Plaintiff's claims against AVT and Power Default are dismissed without prejudice, and their citizenship is not considered for diversity purposes. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 209 (5th Cir. 2016) ("When, as here, a court determines that a nondiverse party has been improperly joined to defeat diversity, that party must be dismissed without prejudice.").

### III. Conclusion

In conclusion, the Court finds that AVT and Power Default have been improperly joined. As such, the Court has subject matter jurisdiction, and Plaintiff's Motion to Remand (Doc. #8) is hereby DENIED. Plaintiff's claims against AVT and Power Default are DISMISSED WITHOUT PREJUDICE. Because AVT has been dismissed, its Motion to Dismiss Plaintiff's Claims (Doc. #5) and Intervenor-Plaintiff's Claims (Doc. #6) are DENIED as MOOT. Finally, Intervenor-Plaintiff's Motions to Stay Case Pending Resolution of Bankruptcy Proceedings (Doc. Nos. 10, 11) and Motions to Reinstate Case (Doc. Nos. 12, 13) are DENIED as MOOT.

It is so ORDERED.

MAR 2 4 2025
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

5