IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| Jeff Samuels | ) | **CIVIL ACTION No.** |
| | ) | **4:23-cv-4687** |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AVT Title Services, LLC, Deutsche Bank | ) | |
| National Trust Co., PHH Mortgage Corp., | ) | |
| Power Default Services Inc. | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| | ) | |
| | ) | |

*United States Courts*
*Southern District of Texas*
*F I L E D*
*MAY 0 8 2025*
*Nathan Ochsner, Clerk of Court*

## INTERVENOR-PLAINTIFF JOANNA BURKE'S VERIFIED RESPONSE TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE, AND ALL INTERESTED PARTIES:

### STATEMENT OF FACTS

On April 1, 2025, after normal court operating hours, Joanna Burke received a copy of Defendants' Motion for Summary Judgment ("DMSJ") **(Dkt 38)** via email from Baker Donelson, the counsel responsible for removing the action to federal court. This was stricken by the court **(Dkt 39)**. A replica filing has been submitted by Defendants with the same deficiencies on April 23, 2025 **(Dkt 42)** and who have failed to communicate or address these issues. Considering these facts, Plaintiff-Intervenor now refiles her pleading(s).

Joanna Burke has identified alarming inconsistencies in the procedural handling of this

1

case under the Federal Rules of Civil Procedure, which have undermined her civil and due process rights. These discrepancies are not isolated but reflect broader concerns across related proceedings in this courthouse.

## TIMELINE OF KEY EVENTS

1. **Sept. 1, 2023**: Plaintiff Jeff Samuels, represented by an attorney, filed a case to halt nonjudicial foreclosure and obtained a $100 cash bond TRO signed by Judge Manor.

2. **Sept. 20, 2023**: Plaintiff's attorney moved to withdraw; this was granted by court order on Nov. 20, 2023.

3. **Nov. 15, 2023**: Defendant AVT Title Services filed its Original Answer and Verified Denial, despite no formal service of process.

4. **Dec. 5, 2023**: Joanna Burke filed her Verified Petition in Intervention Seeking Declaratory Judgment and Application for Injunctive Relief.

5. **Dec. 12, 2023**: Joanna Burke filed her Verified Motion for Summary Judgment in state court prior to removal.

6. **Dec. 15, 2023**: Defendants removed the case to federal court citing:

   o **28 U.S.C. § 1446(b)(1)**: Arguing timeliness as PHH, Deutsche Bank, and Power Default had not been formally served with process.

   o **28 U.S.C. § 1332**: Claiming original jurisdiction based on diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs.

7. **Dec. 18, 2023**: Joanna Burke filed her Verified Emergency Motion to Retain Jurisdiction after removal, highlighting procedural deficiencies and citing strict removal law, docketed on Dec. 19, 2023 **(EXHIBIT 1).**

2

8. **March 25, 2025**: Judge Bennett issued an order denying Plaintiff's motion to remand and Defendants' motion(s) to dismiss, while ambiguously recognizing Joanna Burke as an "active participant" in the case **(Dkt 37, footnote n.1).**

9. **April 1, 2025**: After normal court operation hours, Defendants filed their Motion for Summary Judgment ("DMSJ"), continuing procedural inconsistencies that misrepresent the true facts, which in turn undermine Joanna Burke's civil and due process rights **(Dkt 38).**

10. **Latest Filings**: Discussed in opening statement. This response addresses the operative pleading, **Dkt 42.**

## I. INTRODUCTION

Federal courts operate under limited jurisdiction and may only adjudicate claims within constitutional or statutory authority. Strict adherence to removal statutes is essential to preserving jurisdictional validity.

Intervenor-Plaintiff Joanna Burke asserts that Judge Bennett's acknowledgment of her procedural status cannot override jurisdictional deficiencies stemming from improper removal.

This response highlights procedural errors and jurisdictional ambiguities that demand remand to state court.

### Preliminary Objection:

### The Court Must Resolve Jurisdiction Before Addressing Merits

Defendants' Motion for Summary Judgment improperly delves into the merits of Intervenor-Plaintiff Joanna Burke's claims without the Court first establishing its subject-matter jurisdiction.

3

Under longstanding principles of federal procedure, jurisdictional questions must be resolved as a threshold matter before any substantive evaluation of claims or defenses (*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)).

The Court's authority to proceed is contingent on proper adherence to jurisdictional requirements under 28 U.S.C. §§ 1331 and 1332. In this case, the alleged improper joinder of AVT Title Services and Power Default Services, as well as the valuation of Intervenor-Plaintiff Joanna Burke's claims, raise significant procedural questions that must be settled first.

Any attempt to assess the merits of the Intervenor-Plaintiff's claims, including her interest in the case, is premature and procedurally improper at this stage.

Until jurisdiction is established, all such arguments must be set aside.

## II. LEGAL STANDARD

Federal courts must possess statutory or constitutional authority to adjudicate a claim. Removal statutes are strictly construed, with any failure to establish jurisdiction necessitating remand under 28 U.S.C. § 1447(c).

1. **Jurisdictional Limitations**: Federal courts require statutory authority to adjudicate cases. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

2. **Burden of Proof**: The removing party bears the burden of proving jurisdiction. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

3. **Duty to Assess Jurisdiction**: Federal courts have an independent duty to assess jurisdiction at any stage of proceedings. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

4

### III. ARGUMENT

#### A. Procedural Deficiencies in Removal

Defendants' removal violated statutory requirements under 28 U.S.C. § 1446, including:

1. **Rule of Unanimity Violation**: Defendants failed to secure unanimous consent from AVT Title Services, LLC ("AVT"). *See Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988).

2. **Improper Classification of AVT**: AVT was misclassified as a nominal party despite substantive participation. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 838 (1989).

#### B. Failure to Establish Federal Jurisdiction

Defendants' removal fails to meet jurisdictional requirements under both diversity and federal question standards:

- **Diversity Jurisdiction**: Joanna Burke's Verified Petition raised claims solely under Texas law, precluding diversity jurisdiction under 28 U.S.C. § 1332.
- **Federal Question Jurisdiction**: No claims "arising under" federal law were presented, invalidating jurisdiction under 28 U.S.C. § 1331.

#### C. Judicial Ambiguity in Federal Court

Judge Bennett's order ambiguously recognized Joanna Burke's status as a Plaintiff-Intervenor but failed to address substantive filings, including her Verified Motion for Summary Judgment.

While her motion directly challenged Defendants' claims and procedural jurisdiction, the federal court's failure to address it reflects a broader pattern of procedural oversight that

5

undermines the integrity of these proceedings.

By sidelining substantive filings, the federal court exacerbates uncertainties in its jurisdictional foundation, further strengthening the argument for remand to state court.

### D. Fraudulent Removal Allegations

The removal of this case to federal court is tainted by material misrepresentations and procedural deficiencies that undermine its legitimacy, constituting fraudulent removal under established legal principles.

Defendants misrepresented Joanna Burke's status as **"nonsuited, dismissed or terminated,"** despite clear evidence of her active participation **(EXHIBIT 1 [EXHIBIT F1]; Dkt 1-3 and 1-4).**

This deliberate mischaracterization skewed the removal process by excluding a critical party whose filings challenged the jurisdictional and procedural validity of Defendants' claims.

Similarly, Defendants' classification of AVT as a nominal party contradicts Texas law, which recognizes the trustee's substantive responsibilities in foreclosure proceedings (*Thayer v. Life Association*, 112 U.S. 717, 719 (1885); *Davies Enters. v. Blue Sky Bank*, No. SA-23-CV-01527-JKP (W.D. Tex. Apr. 9, 2024)).

The court's strict limitation to pleadings at the time of removal does not preclude consideration of post-removal evidence when fraudulent removal is alleged.

Courts have consistently held that jurisdictional defects discovered post-removal invalidate the removal itself (*Cliff v. Bonner*, 770 S.W.2d 97, 99 (Tex. App. 1989)) ("Failure to comply with removal statutes deprives federal courts of jurisdiction."); *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).

Joanna Burke's Dec. 18 filing **(Exhibit 1)** exposes procedural violations that implicate both the substitute trustee and Defendants, directly challenging the validity of removal.

Defendants' procedural bad faith, exemplified by their material misrepresentations and disregard for statutory requirements, justifies the court's consideration of **Exhibit 1**.

This filing is integral to understanding the full scope of procedural defects and fraudulent conduct that undermine federal jurisdiction. The removal's invalidity reinforces the case for remand to state court, where these claims can be properly addressed.

Furthermore, the Fifth Circuit's published opinion in *Wilson v. Kemper Corporate Services, Inc., No. 24-60090, 5th Cir., Apr. 11, 2025 (pub. op.)*, reaffirms that improper joinder only applies when there is no possibility of recovery under state law (*Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), en banc).

The court emphasized that piercing the pleadings for a more detailed factual analysis is permissible only under "limited circumstances" to assess discrete and undisputed facts that would preclude recovery.

Here, Judge Bennett failed to consider Joanna Burke's Verified Petition and Motion for Summary Judgment, which substantively detailed procedural violations implicating AVT. These claims establish a reasonable possibility of recovery, invalidating the improper joinder determination and undermining the legitimacy of federal jurisdiction.

The Fifth Circuit also underscored that substantive claims must be reviewed under Rule 12(b)(6) standards, stating that if a plaintiff's claims survive this threshold, joinder is proper (*Wilson, No. 24-60090, pub. op.*).

Joanna Burke's claims against AVT clearly surpass this threshold under Texas law, further

7

highlighting the procedural defects in removal and reinforcing the case for remand to state court.

## Failure of Diversity Jurisdiction

Joanna's intervention underscores her restrained and precise demands — a declaratory judgment, modest court costs of around $200, and specific injunctive relief, including the Temporary Restraining Order (TRO).

Importantly, her valuation falls definitively under $75,000, as evidenced in the December 18 motion, now labeled as **EXHIBIT 1** and attached to this response.

Joanna Burke's claim is distinct and separate from Plaintiff Jeff Samuels' claims for purposes of diversity jurisdiction. Her valuation, as detailed in EXHIBIT 1, falls definitively under the $75,000 threshold and does not meet the statutory requirement under 28 U.S.C. § 1332. This failure independently undermines diversity jurisdiction and further invalidates the removal of this case to federal court.

The Defendants' reliance on diversity jurisdiction falters without meeting the statutory monetary threshold, rendering their removal legally baseless.

## The Substitute Trustee is Not a Nominal Party

As highlighted in the December 18 motion **(EXHIBIT 1)**, the substitute trustee's role is far from nominal and demands strict compliance with Texas foreclosure law.

The motion references longstanding legal precedent, such as *Thayer v. Life Association,* 112 U.S. 717, 719 (1885), which emphasizes the trustee's active role in foreclosure proceedings.

Furthermore, case law like *Harwath v. Hudson* underscores that strict adherence to notice requirements under the deed of trust is a prerequisite for the trustee's authority to conduct a sale.

Indeed, recently US District Judge Pulliam remanded a case for this very reasoning. See;

8

*Davies Enters. v. Blue Sky Bank*, No. SA-23-CV-01527-JKP (W.D. Tex. Apr. 9, 2024).

In this case, supported by this response and in conjunction with **Dkt 1 as filed with removal Exhibits**, the substitute trustee failed to meet these compliance requirements, as evidenced by the notice of foreclosure sale listing the indebtedness as zero dollars **(EXHIBIT 1, EXHIBIT F2)** — a procedural defect that combined with Judge Hittner's deficient order itself, invalidates the legitimacy of the sale. **(EXHIBIT 1, EXHIBIT F3).**

Additionally, the all-important fact Judge David Hittner's order is time-barred, in law, as discussed in great depth in related case *Burke v. PHH Mortgage Corporation* (4:24-cv-00897), District Court, S.D. Texas.

Judge Pulliam lists many cases in support of remand and where the substitute trustee is not a nominal party, stating, in part, that "In Texas, a trustee may be individually liable for failing to comply with the terms of the deed of trust or the notice and sale provisions of § 51.002 of the Texas Property Code. Thus, when a plaintiff asserts actual misconduct on the part of the trustee, a court must assess whether such allegations give rise to a reasonable basis for plaintiff to recover against the trustee in state court.".

This irrefutably applies to Plaintiff-Intervenor, Joanna Burke.

This issue is detailed thoroughly in **EXHIBIT 1**, reinforcing that the trustee's actions are a substantive legal concern and not merely nominal.

### Preservation of Joanna Burke's Right to Remand

Intervenor-Plaintiff Joanna Burke's immediate objection to federal removal, conveyed through her email, underscores her deliberate and consistent refusal to participate in federal court proceedings. Notably, the Defendants themselves incorporated this email into their filings,

effectively validating the legitimacy of her position (as recognized by Defendants in **Dkt 42** and attaching **Exhibit C**).

By promptly objecting, Joanna Burke maintained procedural integrity and preserved her right to challenge the removal. Legal precedent, such as *Getty Oil Corp. v. Ins. Co. of North America,* 841 F.2d 1254 (5th Cir. 1988), reaffirms that plaintiffs who act swiftly retain their right to object to procedural defects in removal petitions.

Joanna Burke's decisive objection, acknowledged by the Defendants, not only challenges the flawed removal but further highlights its baseless foundation, cementing the case for remand.

## Untimely Recognition of the Intervenor-Plaintiff

Federal courts often stress the importance of timely intervention to uphold procedural fairness, yet here, the recognition of Joanna Burke as the Intervenor-Plaintiff was anything but timely. Judge Bennett failed to acknowledge her status until 16 months after removal—deep into the discovery phase.

This significant delay deprived Joanna Burke of the opportunity to fully assert her legal standing and effectively participate in the proceedings, undermining the principles of procedural integrity that federal courts claim to uphold.

This untimely acknowledgment further compounds the issue of Judge Bennett's improper joinder assessment, which disregarded AVT's substantive role as Substitute Trustee under Texas law. Legal precedents, such as *Thayer v. Life Association* and *Davies Enters. v. Blue Sky Bank,* highlight that trustees hold significant legal responsibilities in foreclosure proceedings and cannot be dismissed as nominal parties.

Despite this, Judge Bennett dismissed AVT and Power Default as nominal parties, relying

10

solely on the insufficient allegations in Plaintiff's Original Petition, while ignoring the substantive claims raised in Joanna Burke's Verified Petition.

Joanna Burke's Verified Petition detailed procedural violations, including deficiencies in foreclosure notices, which directly implicate AVT and Power Default. The Court's reliance on the improper joinder doctrine to dismiss these parties prematurely conflicts with established principles, such as those in *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004), which require courts to assess whether there exists a reasonable basis for recovery under state law. By failing to recognize the substantive responsibilities of the trustee and dismissing AVT and Power Default prematurely, the Court compounds the procedural ambiguities surrounding Joanna Burke's standing, further strengthening the argument for remand to state court.

## IV. REQUESTED RELIEF

For the reasons stated herein, Intervenor-Plaintiff Joanna Burke respectfully requests:

1. Denial of Defendants' Motion for Summary Judgment due to unresolved procedural and jurisdictional ambiguities.

2. Dismissal of this case for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c) and remand to state court.

A proposed order has been filed separately.

## DECLARATION

Pursuant to 28 U.S.C. § 1746, a litigant may submit an unsworn declaration in lieu of a sworn affidavit as evidence in federal court proceedings, including in opposition to summary judgment. See *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1305 (5th Cir. 1988) ('Section

11

1746 allows a written unsworn declaration, subscribed as true under penalty of perjury, to substitute for an affidavit.').

I, Joanna Burke, residing at 46 Kingwood Greens Dr, Kingwood, Texas, 77339, declare under penalty of perjury under the laws of the United States of America that the information contained herein is true and correct.

## CONCLUSION

Judge Bennett's order exemplifies a lop-sided approach that undermines procedural integrity and due process. By dismissing AVT and Power Default as nominal parties and mooting Intervenor-Plaintiff Joanna Burke's filings without substantive review, the Court deprived her of a meaningful opportunity to be heard—the cornerstone of constitutional due process.

This omission exemplifies the broader pattern of procedural ambiguity and unfairness that has marred these proceedings, but it does not overcome Intervenor-Plaintiff's argument that this court lacks subject-matter jurisdiction and cannot avoid the facts presented by Joanna Burke, mandating remand.

The Fifth Circuit's recent April 11, 2025 published opinion in *Wilson v. Kemper Corporate Services, Inc.,* No. 24-60090, reaffirms that improper joinder analysis must thoroughly assess the possibility of recovery under state law.

Judge Bennett's failure to properly evaluate Intervenor-Plaintiff Joanna Burke's Verified Petition, alongside procedural ambiguities surrounding AVT's foreclosure conduct, mirrors the jurisdictional errors reversed in *Wilson*. These parallels mandate remand to state court, where all parties' substantive claims can receive fair and thorough consideration.

For the reasons stated above, this Court should GRANT Intervenor-Plaintiff's requested

12

relief and provide any additional relief to which Plaintiff is entitled.

RESPECTFULLY submitted this 5th day of May, 2025.

Joanna Burke, Harris County
State of Texas / Pro Se

46 Kingwood Greens Dr
Kingwood, Texas 77339
Phone Number: (281) 812-9591
Fax: (866) 705-0576
Email: joanna@2dobermans.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on May 5, 2025 as stated below on the following:

**VIA U.S. Mail:**

Nathan Ochsner
Clerk of Court
P. O. Box 61010
Houston, TX 77208

**VIA Email:**
estroope@bakerdonelson.com
adelrio@bakerdonelson.com

EMILY STROOPE
State Bar No. 24070692
ALEXIS DEL RIO
State Bar No. 24120796
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
5956 Sherry Lane, 20th Floor
Dallas, Texas 75225
Telephone: (713) 650-9700

13

Facsimile: (713) 650-9701

Attorneys for Defendants PHH Mortgage
Corporation and Deutsche Bank National Trust
Company, as Trustee for FFMLT TRUST 2004-
FF3, Mortgage Pass-Through Certificates, Series 2004-FF3


**VIA Email:**
Jeff.uben@gmail.com

Jeff Samuels
14810 Winding Waters Drive
Cypress, TX 77429
Pro Se Plaintiff

Joanna Burke, Harris County
State of Texas / Pro Se

46 Kingwood Greens Dr
Kingwood, Texas 77339
Phone Number: (281) 812-9591
Fax: (866) 705-0576
Email: joanna@2dobermans.com

14

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2022; All rights reserved.



MAIL
ELOPE
JIRED

UNITED STATES
POSTAL SERVICE®

usps.com
$12.10
US POSTAGE

05/05/2025

**P**

**Click-N-Ship®**

9410 8301 0935 5003 9391 09 0084 0000 0807 7208

U.S. POSTAGE PAID

Mailed from 77339 5216893503369940

05/07/2025
Flat Rate Envelope
RDC 03

**B050**

**PRIORITY MAIL®**

JOANNA C BURKE
46 KINGWOOD GREENS DR
KINGWOOD TX 77339-5339

SIGNATURE REQUIRED

CLERK OF COURT
NATHAN OCHSNER
PO BOX 61010
HOUSTON TX 77208-1010

**USPS SIGNATURE TRACKING #**

9410 8301 0935 5003 9391 09

RECON-REP-STRIKE-M



FIRMLY TO SEAL

UNITED STATES
POSTAL SERVICE ®

**P**

...d delivery date specified for domestic use.

...ic shipments include $100 of insurance (restric...

...racking® service included for domestic and ma...

...international insurance.**

...sed internationally, a customs declaration form

...es not cover certain items. For details regarding claims e...
...il Manual at http://pe.usps.com.

...ational Mail Manual at http://pe.usps.com for availability a...

RATE ENVELOPE
E ■ ANY WEIGHT

CKED ■ INSURED

MAY 8 2025

United States Courts
Southern District of Texas
...LED

EP14F July 2022
OD: 12 1/2 x 9 1/2

00001000014





IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| Jeff Samuels )<br><br>Plaintiff )<br>)<br>vs. )<br>)<br>)<br>AVT Title Services, LLC, Deutsche Bank )<br>National Trust Co., PHH Mortgage Corp., )<br>Power Default Services Inc. )<br>)<br>)<br>Defendants )<br>)<br>) | **CIVIL ACTION No.**<br>**4:23-cv-4687** |

## ORDER

The Court has considered the arguments presented in Intervenor-Plaintiff Joanna Burke's Response to Defendants' Motion for Summary Judgment, along with the procedural objections raised therein. Upon review, the Court finds that Defendants Motion for Summary Judgment is premature and procedurally improper.

It is therefore ORDERED that:

1. Defendants' Motion for Summary Judgment (Dkt 42) is DENIED as premature, pending resolution of contested subject-matter jurisdiction.

2. The Court defers all substantive considerations until jurisdictional ambiguities are fully resolved.

IT IS SO ORDERED.

1

SIGNED on this _____.


_____
ALFRED HOMER BENNETT
UNITED STATES DISTRICT JUDGE