IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | | |
|---|---|---|
| Jeff Samuels | ) | **CIVIL ACTION No.** |
| | ) | **4:23-cv-4687** |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| AVT Title Services, LLC, Deutsche Bank | ) | |
| National Trust Co., PHH Mortgage Corp., | ) | |
| Power Default Services Inc. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |

United States Courts
Southern District of Texas
FILED
MAY 08 2025
Nathan Ochsner, Clerk of Court

### INTERVENOR-PLAINTIFF JOANNA BURKE'S VERIFIED MOTION TO STRIKE DEFENDANTS MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE, AND ALL INTERESTED PARTIES:

Intervenor-Plaintiff Joanna Burke respectfully files this Motion to Strike Defendants' Motion for Summary Judgment **(Dkt 42)** on the following grounds:

## I. ARGUMENT

### 1. Prematurity of Defendants' Motion

Defendants' Motion for Summary Judgment **(Dkt 42)** improperly addresses the merits of Intervenor-Plaintiff's claims without this Court first resolving its subject-matter jurisdiction. Federal courts must establish jurisdiction as a threshold matter before considering the merits of any claims or defenses. See *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999).

1

### 2. Procedural Deficiency

The Court's jurisdiction remains unresolved due to the significant procedural ambiguities surrounding Defendants' reliance on diversity jurisdiction. Specifically, Intervenor-Plaintiff's valuation, as detailed in the simultaneously filed in Plaintiff-Intervenor's response to Defendants Motion for Summary Judgment **(Dkt 42)**, falls definitively below the statutory requirement of $75,000 under 28 U.S.C. § 1332, thereby undermining the basis for federal jurisdiction.

### 3. Improper Conflation of Jurisdiction and Merits

Defendants' motion **(Dkt 42)** improperly conflates the jurisdictional inquiry with substantive arguments about Intervenor-Plaintiff's interest in the case, which is procedurally improper. Federal courts must resolve jurisdictional issues as a threshold matter before addressing the merits of any claims or defenses. See *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999).

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," either on its own or upon motion by a party.

Although Defendants' Motion for Summary Judgment is not technically a pleading under Rule 7(a), courts have the discretion to strike filings that are procedurally improper or premature to maintain clarity and fairness in the proceedings.

This discretion has been exercised in cases like *TEVA Pharmaceuticals USA, Inc. v. Becerra* (1:25-cv-00113), District Court, District of Columbia, Feb. 27, 2025, where a motion for summary judgment was struck as premature.

Defendants' premature filing further undermines their reliance on diversity jurisdiction, as detailed in Plaintiff-Intervenor's simultaneously filed Response to the Motion for Summary Judgment. Without resolving the contested subject-matter jurisdiction, Defendants' motion improperly seeks substantive determinations that fall outside this Court's authority at this stage.

## II. REQUESTED RELIEF

WHEREFORE, PREMISES CONSIDERED, Intervenor-Plaintiff Joanna Burke respectfully requests that this Court:

1. Strike Defendants' Motion for Summary Judgment as premature and procedurally improper;

2. Defer any consideration of the merits until the contested subject-matter jurisdiction is fully resolved; and

3. Grant such further relief as the Court deems just and proper.

A proposed order has been filed separately.

## DECLARATION

Pursuant to Texas Civil Practice and Remedies Code Section 132.001, and "In lieu of a sworn affidavit, a litigant may submit an unsworn declaration as evidence against summary judgment. See 28 U.S.C. §1746.". I hereby provide my unsworn declaration. My name is Joanna Burke, my date of birth is Nov. 25, 1938, my address is 46 Kingwood Greens Dr, Kingwood, Texas, 77339, and I declare under penalty of perjury that all information herein is true and correct.

## CONCLUSION

For the reasons stated above, this Court should GRANT Intervenor-Plaintiff's requested relief and provide any additional relief to which Plaintiff is entitled.

RESPECTFULLY submitted this 5th day of May, 2025.

*Joanna Burke*

Joanna Burke, Harris County
State of Texas / Pro Se

46 Kingwood Greens Dr
Kingwood, Texas 77339
Phone Number: (281) 812-9591
Fax: (866) 705-0576
Email: joanna@2dobermans.com

## CERTIFICATE OF WORD COUNT

I, Joanna Burke, hereby certify that INTERVENOR-PLAINTIFF JOANNA BURKE'S VERIFIED MOTION TO STRIKE DEFENDANTS MOTION FOR SUMMARY JUDGMENT, posted on May 5, 2025, complies with the word limit set by the Court. The document contains a total of 528 words, as calculated by Microsoft Word.

## CERTIFICATE OF CONFERENCE

On Apr. 17, 2025, this court struck the Defendants motion citing violation of the court's local rules and procedures (e.g. footnotes).

On Apr. 23, 2025, Defendants filed the same motion with the same deficiencies, copying Intervenor-Plaintiff.

Pursuant to Local Rule 7.1, I attest to conferring by emailing counsel for all the parties in these proceedings:

On Monday, April 28, 2025 9:06 AM, I wrote:

The motion appears to be the same, apart from the date and is subject to being stricken again by the court. Do you agree?

No response was received.

On Thursday, May 1, 2025 at 7.53 AM, I wrote:

"Second Motion for Summary Judgment – Request for Conference

4

   I am reaching out to confer for the second time regarding your second motion for summary judgment, which retains the same deficiencies (footnotes) that will likely result in the motion being stricken by the court. Do you agree with this assessment?

   If you are not planning to refile a corrected motion, I will be compelled to spend time preparing a wasteful filing, including a motion to strike.

   As you are now on formal notice, I trust you will address this matter promptly to avoid unnecessary proceedings. I await your timely response."

   Plaintiff Jeff Samuels did not respond and I assume he is unopposed based on his own motion to remand (denied).

   No response was received.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on May 5, 2025 as stated below on the following:

**VIA U.S. Mail:**

Nathan Ochsner
Clerk of Court
P. O. Box 61010
Houston, TX 77208

**VIA Email:**
estroope@bakerdonelson.com
adelrio@bakerdonelson.com

EMILY STROOPE
State Bar No. 24070692
ALEXIS DEL RIO
State Bar No. 24120796
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
5956 Sherry Lane, 20th Floor
Dallas, Texas 75225
Telephone: (713) 650-9700

Facsimile: (713) 650-9701

Attorneys for Defendants PHH Mortgage
Corporation and Deutsche Bank National Trust
Company, as Trustee for FFMLT TRUST 2004-
FF3, Mortgage Pass-Through Certificates, Series 2004-FF3

**VIA Email:**
Jeff.uben@gmail.com

Jeff Samuels
14810 Winding Waters Drive
Cypress, TX 77429
Pro Se Plaintiff

*/s/ Joanna Burke*

Joanna Burke, Harris County
State of Texas / Pro Se

46 Kingwood Greens Dr
Kingwood, Texas 77339
Phone Number: (281) 812-9591
Fax: (866) 705-0576
Email: joanna@2dobermans.com

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| Jeff Samuels | ) **CIVIL ACTION No.** |
| | ) **4:23-cv-4687** |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| AVT Title Services, LLC, Deutsche Bank | ) |
| National Trust Co., PHH Mortgage Corp., | ) |
| Power Default Services Inc. | ) |
| | ) |
| | ) |
| Defendants | ) |
| | ) |
| | ) |

## ORDER

The Court has considered Intervenor-Plaintiff Joanna Burke's Motion to Strike Defendants' Motion for Summary Judgment and the arguments presented therein. Upon review, the Court finds that the Motion is well-founded and procedurally appropriate.

It is therefore ORDERED that:

1. Defendants' Motion for Summary Judgment (Dkt 42) is hereby STRICKEN as premature and procedurally improper.

2. The Court defers any consideration of the merits until contested subject-matter jurisdiction is fully resolved.

IT IS SO ORDERED.


SIGNED on this _____.

1

_____

ALFRED HOMER BENNETT
UNITED STATES DISTRICT JUDGE